■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL B. LAWSON, Appellant.—Appeal from a judgment of the Supreme Court of Chemung County, rendered September 29, 1975, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol as a felony in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. Defendant contends that a two-day adjournment granted to the prosecution because of the unavailability of a material witness deprived him of a speedy trial as provided for by CPL 30.20 and that the People failed to prove defendant's guilt beyond a reasonable doubt. Both contentions are unsupported by authority, reason, or the record. (CPL 30.30, subd 1, par [a]) which provides the specific time limitation for the completion of criminal actions of the classification we are concerned with here, dictates that the People must be ready for trial within six months of the commencement of the criminal action. The criminal action here was completed within approximately four months and of this period almost three months were consumed by adjournments requested by and granted to the defendant. The trial court's decision to grant the People a two-day delay in the commencement of the trial is clearly justified by the record and was a proper exercise of discretion. On the question regarding the sufficiency of the evidence, the record reveals sharply conflicting versions as to what occurred. However, the jury chose to believe the witnesses presented by the prosecution and that evidence was legally sufficient to justify its verdict. Since there was no showing of any influence of passion, prejudice, corruption or mistake, that verdict should not be interfered with *(People v Horton,* 308 NY 1). Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.